**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1366**

———————

ANASTASIYA KRUSHEVSKAYA,

                Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  September 3, 2015      Decided:  November 4, 2015

———————

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Alexander J. Segal, THE LAW OFFICES OF GRINBERG & SEGAL, P.L.L.C., New York, New York, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Melissa K. Lott, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anastasiya Krushevskaya, a native and citizen of Belarus, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture. We have thoroughly reviewed the record, including the transcript of Krushevskaya's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

We have also considered the various bases for Krushevskaya's claim that the immigration judge's conduct at the merits hearing violated her due process rights and find no error in the Board's conclusion that Krushevskaya failed to show that the immigration judge was biased or that she did not receive a full or fair hearing. See 8 U.S.C. § 1229a(b)(1) (2012) (giving immigration judges authority to "interrogate, examine, and cross-examine the alien and any witnesses"); Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002) (providing that alien must be "accorded an opportunity to be heard at a meaningful time and in

2

a meaningful manner, i.e., . . . [to] receive a full and fair hearing on [her] claims").

Accordingly, we deny the petition for review for the reasons stated by the Board. In re: Krushevskaya (B.I.A. Mar. 18, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED